## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| PATENT ONE LLC,<br><br>    Plaintiff,<br><br>v.<br><br>RCW GLOBAL, LLC d/b/a ROYAL CRAFT WOOD,<br><br>    Defendant. | Civil Action No. |

## **COMPLAINT**

Plaintiff Patent One LLC, ("Plaintiff" or "Patent One"), by and through its undersigned counsel, hereby files this Complaint against RCW Global LLC d/b/a Royal Craft Wood ("Defendant") as follows:

### I.   Jurisdiction and Venue

1.   This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1338(a), 1331.

2.   Venue is proper in this Court under 28 U.S.C. § 1400(b), the specific venue statute for patent infringement actions which states that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement."

3.      Here, Defendant has sold infringing products in this judicial district. In addition, Defendant's CEO and registered agent, Aleksandr Selyuzhitskiy, resides in this district, and Defendant's address for service of process is 3053 Cambridge Hill, Dacula, GA, 30019, which is in this judicial district.

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(2) since Defendant directly targets consumers in the United States, including Georgia, through at least the fully interactive commercial Internet store on the Amazon.com platform operating under the alias Royal Craft Wood (the "Seller Alias").

5.      Specifically, Defendant is reaching out to do business with Georgia residents by operating one or more commercial, interactive Internet stores through which Georgia residents can purchase products utilizing infringing versions of Plaintiff's patented design. Defendant has targeted Georgia residents by operating online stores that offer shipping to the United States, including Georgia, accept payment in U.S. dollars and, on information and belief, have sold products utilizing infringing versions of Plaintiff's patented design to residents of Georgia. Defendant is committing tortious acts in Georgia, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Georgia. Thus, personal jurisdiction is also proper under Georgia's Long-Arm Statute (O.C.G.A. §§ 9-10-90 - 9-10-94).

2

## II.    Parties

**A.    Plaintiff Patent One**

6.    Patent One is an e-commerce company incorporated in Delaware.

7.    Plaintiff applied for a patent with the United States Patent and Trademark Office on April 7, 2021, and was granted the U.S. Patent No. D949,612 S on April 26, 2022 (the "Asserted Patent").

8.    The Asserted Patent represents the novel appearance of a design for an adjustable organizing cube for organizing cabinet drawers, distinguished from prior art by its unique design. Specifically, the cube introduces innovative features not found in existing designs which provide enhanced aesthetic appeal not previously available in the market:

| Patent Number | Claim | Issue Date |
|---|---|---|
| D949,612 S |  | Apr. 26, 2022 |

9.    A copy of the Asserted Patent entitled "Single panel of an adjustable organizing cube" is attached as Exhibit 1.

10.    Plaintiff runs a popular online storefront under the name "SpaceAid" on its own website, www.spaceaidhome.com, as well as through Amazon.com where it sells its organizing cubes using the design illustrated in its Asserted Patent under the brand name "SpaceAid:"



https://spaceaidhome.com/products/bamboo-drawer-organizer

11.    Exhibit 2 is a true and correct copy of the Plaintiff's storefront, including images of Plaintiff's genuine organizing cube product (the "Plaintiff's

Products") as well as evidence of Plaintiff marking its products with the Asserted Patent number.

12.    Plaintiff's Products have been featured in several well-known publications, including USA Today and People Magazine. Plaintiff's product is extremely popular, and has received thousands reviews on Amazon, with an exceptional review score of 4.4/5.

13.    Plaintiff is the owner of all rights, title, and interest in the Asserted Patent which has been registered in the United States.

14.    Among the exclusive rights granted to the Plaintiff under the Patent Act are the exclusive rights to manufacture, distribute, import, offer for sale, and/or sell goods encapsulated by Plaintiff's Asserted Patent.

15.    Plaintiff's Products are known for their distinctive patented design. This design is broadly recognized by consumers and is highly sought after, with demonstrated commercial success in the market. Organization systems styled after these designs are associated with the quality and innovation that the public has come to expect from Plaintiff's Products.

16.    Plaintiff's Products, including those which embody the Plaintiff's Asserted Patent, are marked in compliance with 35 U.S.C. § 287(a) as shown by Exhibit 2.

17.    Plaintiff has spent substantial time and money advertising its goods and plans to continue expanding its advertising and promotion of genuine goods

embodying the Asserted Patent by authorized distributors and third parties via the Internet.

18.    Over the past several years, visibility on the Internet, particularly via e-commerce platforms such as Amazon, eBay, TikTok, Temu, Wish, and Walmart, and others, ("Third-Party Platforms"), has become increasingly important to Plaintiff's overall marketing. Thus, Plaintiff and its authorized distributors expend significant monetary resources on Internet marketing, including search engine optimization ("SEO") strategies.

19.    Those strategies allow Plaintiff and its authorized retailers to educate consumers fairly and legitimately about the value associated with genuine Plaintiff's Products.

### B.    Defendant RCW Global

20.    Defendant RCW Global LLC d/b/a Royal Craft Wood is a limited liability company organized under the laws of Puerto Rico.

21.    Defendant operates a store via the ecommerce platform Amazon through which it sells various items such as wooden drawer dividers, cutting boards, and extendable trays.

22.    On or about April 2024, Plaintiff discovered that Defendant was selling products that embodied the Asserted Patent, despite having no license or authorization from Plaintiff ("Infringing Products"):



https://www.amazon.com/stores/page/711AA4A8-DE0C-430B-9EF8-C12E5E5F63AD?ingress=2&lp_context_asin=B07WFF17BQ&visitId=bba0e83d-2e49-4753-a2ad-c268be2df315&store_ref=bl_ast_dp_brandLogo_sto&ref_=ast_bln

23.    Defendant's Infringing Products are of demonstrably inferior quality and durability compared to Plaintiff's rigorously tested and quality-controlled products, posing potential safety risks to consumers.

24.    The Infringing Products threaten to destroy Plaintiff's reputation and goodwill and cause significant harm to Plaintiff's business, for which there is no adequate remedy because sale of products embodying the Asserted Patent is the core of Plaintiff's business.

25.    Attached hereto as Exhibit 3 are true and correct screenshots of Infringing Products sold through Defendant's Seller Alias that unlawfully incorporates Plaintiff's Asserted Patent.

### III.    Defendant's Willful Conduct

26.    Shortly after discovering that Defendant was selling the Infringing Products through its Seller Alias, Plaintiff, through counsel, sent a cease-and-desist letter to Defendant.

27.    Attached hereto as Exhibit 4 is a true and correct copy of the cease-and-desist correspondence sent to Defendant.

28.    Plaintiff also lodged a complaint with Amazon and is informed and believes that Amazon removed the infringing listing.

29.    Shortly thereafter, Plaintiff received email correspondence from Defendant stating, *inter alia*, that Defendant "will no longer sell this product and promise[s] not to offer it in the future."

30.    Attached hereto as Exhibit 5 is a true and correct copy of the email correspondence from Defendant.

31.    Recently, Plaintiff discovered that Defendant has relisted the Infringing Products and continues to sell them through its Seller Alias despite being on notice that Plaintiff is the owner of the Asserted Patent. *See* Exhibit 3.

10.    Defendant's unauthorized manufacture, distribution, importation, offering for sale, and/or sale of products embodying Plaintiff's Asserted Patent is irreparably harming Plaintiff and its business.

## Count I
## Infringement of Patent No. 949,612 S

48.    Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

49.    Defendant makes, uses, sell, offer for sale, and/or imports into the United States products that infringe Plaintiff's Asserted Patent.

50.    Defendant's Infringing Products and the inventive design claimed in Plaintiff's Asserted Patent are substantially the same. Said sameness deceives prospective purchasers and induces them to purchase Defendant's products supposing them to have come from Plaintiff.

51.    Defendant's Infringing Products misappropriate the novelty of the inventive design by directly copying the patented design's unique structural mechanism.

52.     Specifically, the infringement occurs through reproduction of the exact or substantially similar design of an organizing cube. The mechanism of infringement involves the following: (1) The defendant's products utilize the same elongated, notched panel shape that forms the core of the patented design, (2) the placement and design of the notches on the defendant's products mimic the patented design's appearance, and (3) the notch configuration on the infringing products replicates the patented design's unique varying configuration system, which is integral to the design of the organizing cube.

53.     Defendant's Infringing Products misappropriate the novelty of the invention claimed in the Asserted Patent that distinguished Plaintiff's patented invention from the prior art.

54.     Defendant sells, offers for sale, and/or imports into the United States for subsequent sale or use products that infringe directly and/or indirectly the novel invention claimed in the Asserted Patent.

55.     No licensing agreements exist between Plaintiff and Defendant regarding the Asserted Patent. Defendant has infringed the Asserted Patent through the acts complained of herein and will continue to do so unless enjoined by this Court.

56.     Defendant has had actual and constructive notice of Plaintiff's rights in the Asserted Patent because Plaintiff has sent cease and desist correspondence and the Asserted Patent is clearly marked on products embodying the patented design

and the packaging with the patent number in accordance with 35 U.S.C. § 287. Plaintiff also lists the patent number associated its patented design on its online storefront on spaceaidhome.com as shown by Exhibit 2 and below.



57.    Defendant's infringement of the Asserted Patent has been willful and deliberate, as evidenced by their continued sale of infringing products despite actual knowledge of Plaintiff's patent rights, and Defendant's deliberate copying of the patented design's distinctive features.

58.     Defendant's infringement of Asserted Patent has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful rights under U.S. patent law to exclude others from making, using, selling, offering for sale, and importing the designs claimed in the Asserted Patent.

59.     This infringement has directly impacted Plaintiff's revenue and sales in the cabinet organizer market, causing a significant decrease in market share and substantial financial losses. Furthermore, the influx of Infringing Products has led to price erosion in the cabinet organizer market, forcing Plaintiff to lower its prices to remain competitive, thereby reducing its profit margins and overall revenue in this specific market segment.

60.     Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

61.     Plaintiff is entitled to recover damages adequate to compensate Plaintiff for Defendant's infringement of the Asserted Patent, including Defendant's profits pursuant to 35 U.S.C. § 289.

62.     Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284, including enhanced damages up to three times the amount found or assessed, due to Defendant's willful infringement.

**Prayer for Relief**

63.     WHEREFORE, Plaintiff prays for judgment against Defendant and entry of an Order pursuant to 28 U.S.C. § 1651(a), the All Writs Act, directing as follows:

(1)    Defendant, their officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert or participation with them be permanently enjoined and restrained from the following activities, as Plaintiff will demonstrate (1) that is has suffered an irreparable injury; (2) that remedies available at law are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction:

> (a)    making, using, importing, offering for sale, and selling any product not authorized by Plaintiff that includes any reproduction, copy, or colorable imitation of the invention claimed in the Asserted Patent, or inducing others to do the same;

> (b)    effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

> (c)    aiding abetting, contributing to, or otherwise assisting anyone in infringing the Asserted Patent.

(2)    Directing that Defendant deliver for destruction all products not authorized by Plaintiff that includes any products embodying a reproduction, copy, or colorable imitation of Plaintiff's Asserted Patent.

13

(3)    Entering an Order that all banks, savings and loan associations, other financial institutions, payment processors, on-line marketplaces, and other third-parties who are in active concert or participation with Defendant, shall, within two (2) business days of receipt of an Order entered by this Court:

    (a)    Locate all accounts connected to Defendant;

    (b)    Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

    (c)    Transfer to Plaintiff all funds restrained in such accounts up to the amount of any monetary relief awarded to Plaintiff by this Court within ten (10) business days of receipt of such Order.

(4)    Entering an Order that, until Plaintiff has recovered full payment of monies owed to it by Defendant, in the event that any new financial accounts controlled or operated by Defendant are identified, Plaintiff shall have the ongoing authority to direct any banks, savings and loan associations, other financial institutions, payment processors, and on-line marketplaces, with whom such newly identified accounts are maintained, to carry out the following activity:

    (a)    Locate all accounts connected to Defendant;

    (b)    Restrain and enjoin such accounts from transferring or disposing of any money or other of Defendant's assets; and

    (c)    Transfer any funds restrained in such accounts to Plaintiff within ten (10) business days of receipt of this Order.

14

(5)    Awarding Plaintiff such damages as it may prove at trial that are adequate to compensate Plaintiff for Defendant's infringement of Plaintiff's Asserted Patent, including but not limited to: lost profits and/or a reasonable royalty, and awarding Plaintiff all of the profits realized by Defendant, or others acting in concert or participation with Defendant, from Defendant's unauthorized use and infringement of the Asserted Patent, in accordance with 35 U.S.C. § 284, together with prejudgment and post-judgment interest, including treble damages due to willful infringement under 35 U.S.C. § 284;

(6)    Alternatively, should the Court not award Plaintiff statutory damages, that Defendant be ordered to pay to Plaintiff all actual damages sustained by Plaintiff as a result of Defendant's infringement, said amount to be determined at trial; and that Defendant account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's infringement of Plaintiff's Asserted Patent as complained of herein, to the extent not already accounted for in the above-referenced assessment of actual damages;

(7)    Awarding Plaintiff its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285, as this is an exceptional case due to Defendant's willful and deliberate infringement; and

(8)    Awarding Plaintiff any and all other relief that this Court deems just and proper.

Date: December 23, 2025          Respectfully submitted,

                                 */s/ David M. Lilenfeld*
                                 David M. Lilenfeld
                                 Georgia Bar No. 45299
                                 **WHITEWOOD LAW PLLC**
                                 5555 Glenridge Connector, Suite 200
                                 Atlanta, GA 30342
                                 Telephone: (404) 663-3349
                                 Email: david@whitewoodlaw.com

                                 *Counsel for Plaintiff*